FORSYTHE vs UNITED STATES, EX REL. ISPERHECHER.

Opinion delivered October 5, 1901.

1. *Indian Lands—Creek Nation—Penalty for Pasturing Cattle Without Consent, Enforceable.*

Sec. 2117, Rev. Stats. U. S. imposing a tax or penalty of one dollar per head upon all horses and cattle brought into Indian lands to range or feed is in force in the Creek Nation, notwithstanding the fact that the Creek law permitted individual citizens to fence in pastures and lease same to non-citizens for grazing purposes.

2. *Parties—Authority to Bring Suit on Penal Statute in Name of United States.*

It is not necessary that the U. S. Attorney be in a case nor give his consent to an action brought under Rev. Stat. U. S. Sec. 2117 to enforce the penalty therein imposed on cattle brought into Creek Nation without consent of the Nation; but such suit may be commenced in the name of the United States by any member of the tribe.

3. *Action on Penal Statute—Burden of Proof.*

In an action brought to enforce the penalty imposed by Sec. 2117 Rev. Stats. U. S., the burden is upon the defendant to show the consent of the Nation to the bringing in of his cattle; and if he fail in this the court may properly direct a verdict against him.

Appeal from the United States court for the Northern district.

JOHN R. THOMAS, Judge.

Action by the United States, on the relation of Isper-hecher, against Richard Forsythe. Judgment for plaintiff. Defendant appeals. Affirmed.

This is an action brought by the United States, through the information of one Isperhecher, against the defendant, Richard Forsythe, under section 2117, Rev. St. U. S. (section 4327, Ind. T. Ann. St. 1899), which reads as follows: "Every person who drives or otherwise conveys any stock of horses, mules, cattle, to range and feed on any land belonging to any Indian or Indian Tribe, without the consent of such tribe, is liable to a penalty of one dollar for each animal of such stock." And the plaintiff seeks to recover of the defendant or appellant for bringing cattle into the Creek Nation without the consent of said nation first obtained, and asking for a judgment and for costs, and praying for an injunction, and other general and special relief. The defendant afterwards filed a motion to dismiss the case on the ground that the suit was instituted by a person assuming to act for and represent the United States, but without any authority to do so from the United States attorney, or any other proper authority, and for other grounds that are not pressed. The motion to dismiss was overruled by the court below, and the defendant then demurred to the complaint on six different grounds, which demurrer was overruled by the court. Defendant thereupon filed his answer in said case, and denies that he brought any cattle to range and feed on the lands of the nation without the consent of the Creek tribe, but alleging that whatever cattle he had in the Muskogee or Creek Nation were there lawfully, and with the consent of said Creek Nation. The defendant admits that he is a nonresident of the Creek

Nation. In the third paragraph of his answer the defend ant pleads that under the Creek law he had a right to bring cattle into the Creek Nation at certain times of the year, and put them on Creek lands leased by the defendant from individual members of the tribe. In the fourth paragraph of said answer he says that the Creek Nation gave its consent to citizens to inclose one-mile square pastures, and for the exclusive use and benefit of the same for keeping and grazing live stock, and also by law provided for extensive border pastures on the boundaries of said nation; that under the law large pastures were erected by citizens, and leased to noncitizens by and with the consent of the nation, and he pleads this as a custom, and pleads the various sections of the Creek law under which the defendant claims the right to bring cattle into the Creek Nation,—that is, the cattle in controversy. To the third, fourth, fifth, and sixth paragraphs of this answer the plaintiff interposed a demurrer, which was by the court sustained, and the case went to trial to a jury upon the first and second paragraphs of the answer. Testimony was introduced to show that part of the cattle in controversy, namely, 1,500 head, were taken into the interior of the Creek Nation by the defendant, and there allowed to range, and as to the remainder of the cattle— 2,500 head—the plaintiff introduced no evidence further than to show that they were in border pastures. There seems to have been no testimony offered with reference to any positive consent given to the defendant by the nation to introduce any cattle into the nation. The court's instructions to the jury were to return a verdict in favor of the plaintiff, and determine the number of cattle brought into the Creek Nation, outside of border pastures, which the jury found to be 1,500 head, and so returned their verdict. A motion for a new trial was interposed by the defendant, which was overruled by the court, and judgment was rendered by the court in favor of the plaintiff and against the defendant in the sum of $1,500. To the various rulings and orders of the

court the defendant took proper exceptions at the time, and has brought the case here on appeal, asking a reversal, and contending in 12 different assignments of error that this case should be reversed.

*N. B. Maxey* and *Benjamin Martin, Jr.*, for appellant.

*Stuart, Gordon & Rutherford*, for appellee.

GILL, J. The court does not deem it necessary to take up the assignments of error seriatim. The principal question involved is whether or not section 2117 of the Revised Statutes of the United States (section 4327, Ind. T. Ann. St. 1899) is in force in the Creek Nation. If it be, and the defendant had no consent of the nation to bring cattle into the nation, and without such consent did bring 1,500 head of cattle into the nation, then the defendant is liable to the penalty of one dollar per head. The question as to whether or not an informer might bring a suit of this kind in the name of the United States is rather more technical than real. The court is of opinion that, where a statute of the United States of this kind is violated, any member of the tribe may file in the name of the United States a suit against such party violating the statute, and recover for the United States the penalty prescribed by such statute. It is contended by the appellant in this case that the complaint filed was in the name of the United States on the relation of Isperhecher, who was at the time of the filling of the complaint the principal chief of the Creek Nation. It would have been better had this allegation been in the complaint, but it does not appear in any of the pleadings; nor does it appear in the evidence, nor can the court take judicial notice that he is the principal chief. But, as before stated, any one may file an information of this kind, and it is not necessary, though it would be judicious, that the United States attorney appear in the case. The matter of the consent of the Creek Nation is a matter of proof. If the de-

fendant had the consent of the Creek Nation, or of any one authorized by it to grant such consent, it must have been in his possession, and he should have shown it in the evidence. This he failed to do, and the court's instructions to the jury to ascertain the number of cattle illegally brought into the nation by the defendant, and return a verdict accordingly, were eminently correct, under the law and the evidence in the case.

We have examined the demurrer interposed by the plaintiff to the third, fourth, fifth, and sixth defenses of the defendant, and are of opinion that the sustaining of such demurrer was correct. Because the Creek law gives to its citizens consent to inclose one-mile square pastures, and for the exclusive use and benefit of the same for keeping and grazing live stock, would not give these citizens the right to lease such pastures for grazing stock unlawfully brought into the Creek Nation, and before such stock could be brought into the Creek Nation the statute requires that such individual shall first obtain the consent of the Creek Nation, as otherwise he is liable to the penalty; and pleading that the citizen had the exclusive right to pastures fenced under the Creek law by the individual is not a defense where cattle are illegally found in such pastures; and the other proposed defenses are of a similar character, and are in fact no defenses, and the trial court was right in sustaining the demurrer to such defenses. We are of opinion, upon the whole case, that the judgment of the court below is correct, and the same is therefore by this court affirmed.

TOWNSEND, C. J., and CLAYTON and RAYMOND, JJ. concur.